UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| SHANE ANTONIO TALLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-cv-01041 |
| DICKSON COUNTY JAIL, et al., | ) | |
| Defendant. | ) | |

## ORDER

Shane Antonio Talley, an inmate of the Dickson County Jail ("DCJ"), filed a pro se Amended Complaint under 42 U.S.C. § 1983 against the DCJ, Dickson County Sheriff's Office ("DCSO"), and Officer Matthew Dawson for an alleged sexual assault that occurred during a pat down search.[1] (Doc. No. 1). More specifically, Talley alleges that Officer Dawson "intentionally patted [his] whole genital area twice." Id. at 5.

As a threshold matter, Talley's claims against the DCJ and DCSO cannot advance because these Defendants are not subject to suit under § 1983. The law is clear that "municipalities and other local government units [are] to be included among those persons to whom § 1983 applies [and they] therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). "The [Dickson] County Jail is not a municipality or local governmental unit; instead, it is a building, which is not a suable entity within the meaning of 42 U.S.C. § 1983." Russo v. Bedford Cnty. Sheriff's Dep't, No. 4:14-CV-75-HSM-SKL, 2015 WL 5020999, at *2 (E.D. Tenn. Aug. 21, 2015) (citing Monell, 436 U.S. at 688-90 and n. 55); Marbry v. Corr. Med. Servs., 2000 WL 1720959, at*2 (6th Cir.

---

[1] The Court stayed this case for sixty days in order to allow Talley to seek counsel. Because that period has expired without any communication from Talley, the case will proceed.

Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983") (citing Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir.1991)); Cage v. Kent County Corr. Facility, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Because the DCJ is not a suable entity under § 1983, it is **DISMISSED** as a Defendant.

Similarly, "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." Mathes v. Metro. Gov't, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases); accord Campbell v. Cheatham Cnty. Sheriff's Dep't, 511 F. Supp. 3d 809, 824-25 & n.12 (M.D. Tenn. 2021) (dismissing § 1983 claim and noting that sheriff's departments "are not proper parties to a § 1983 suit"), aff'd, 47 F.4th 468 (6th Cir. 2022). Because the DCSO is not a suable entity under § 1983, it is **DISMISSED** as a Defendant.

When a plaintiff erroneously sues a non-juridical police department, the error can sometimes be fixed by suing the city or county that operates the department. Lopez v. Foerster, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022) (citing Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)). A county government may be responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). Thus, a plaintiff must specify the county policy or custom which he alleges caused his injury. Paige v. Coyner, 614 F.3d 273, 284 (6th Cir. 2010); see also Bright v. Gallia Cnty., Ohio, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a constitutional deprivation [ ] visited pursuant to governmental custom

even though such a custom has not received formal approval through the body's official decisionmaking channels.") (internal quotations omitted).

In an abundance of caution, the Court will allow Talley to submit a Second Amended Complaint that asserts a claim against Dickson County. The Court MUST receive the Second Amended Complaint within 30 DAYS of the date this Order is entered on the docket. If Talley does not submit an Amended Complaint, the Court will proceed to initial review of his claim against Officer Dawson. Talley is reminded that any amended complaint must have enough factual allegations to demonstrate a plausible right to relief. Fed. R. Civ. P. 8(a). The Clerk SHALL mail Talley a blank Complaint for Violation of Civil Rights (Prisoner) (Pro Se 14).

Because the Court previously granted Talley pauper status, his recently-filed in forma pauperis application (Doc. No. 16) is **DENIED AS MOOT**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE